IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER LAW, ) | |
| ) | |
| Petitioner, ) | Case No.  CR-01-027-E-BLW |
| ) | CV-04-197-E-BLW |
| vs. ) | |
| ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court is Claim 6 of Petitioner's Amended Motion Pursuant to 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 75) and Motion for Appointment of Counsel (Docket No. 90).

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order denying both motions.

## BACKGROUND

Petitioner ("Law") was convicted following a jury trial of two counts of possession with intent to distribute methamphetamine (arising out of incidents in Bannock County and Butte County), one count of possession of a listed chemical with knowledge of its wrongful intended use, and one count of possession with intent to distribute marijuana.  He was sentenced to life imprisonment on each of

**Memorandum Decision and Order - 1**

the two methamphetamine possession counts, 20 years on the possession of a listed chemical count, and 10 years on the possession of marijuana count. *Judgment* (Docket No. 58). The life sentences were imposed pursuant to 21 U.S.C. § 841(b)(1)(A) which mandates a life sentence for individuals convicted of an offense involving 50 grams or more of methamphetamine having two prior convictions for felony drug offenses.[1] After an unsuccessful appeal and petition for writ of certiorari, Law filed a timely § 2255 Motion which he later amended to allege nine claims for relief. The Court dismissed all but the ineffective assistance of counsel claims contained in Claim Six in a prior Order. *See Mem. Dec. and Order* (Docket No. 86). Of the several claims of ineffective assistance of counsel, the Court dismissed the claim of failure to remain in the presentence interview to insure that accurate information was presented. *Id.*

Law's remaining claims of ineffective assistance of counsel all center around his contention that counsel failed to investigate and impeach the credibility of the Butte and Bannock County arresting officers based on differing testimony between the underlying state court proceedings and the federal court proceeding. The Court directed the Government to furnish it with any available transcripts of the state

---

[1] A more detailed background of the Butte County and Bannock County arrests giving rise to the charges in this action is contained in the Court's prior Order. *See Mem. Dec. and Order* at 6-8 (Docket No. 86).

**Memorandum Decision and Order - 2**

proceedings and to obtain an affidavit from defense counsel, Fredilyn Sison, responding to Law's allegations.  The Government has done so.  Law thereafter filed the pending Motion to Appoint Counsel.

## AMENDED § 2255 MOTION

A.     **Standard of Law**

  1.     **§ 2255 Standard**

Title 28 U.S.C. § 2255 provides a federal prisoner an avenue for challenging his sentence on certain enumerated grounds, including that the sentence was imposed in violation of the constitution or laws of the United States.  If a court does not summarily dismiss a § 2255 motion, it shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."  *See*  Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Further, a court may direct the parties to expand the record with documentary materials relating to the issues raised in the motion, including affidavits.  *See* Rule 7 of the Rules Governing Section 2255 Proceedings.  A court may dismiss the § 2255 motion  pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference

**Memorandum Decision and Order - 3**

into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If a court does not dismiss the proceeding after consideration of the answer and expanded record, it then proceeds to a determination of whether an evidentiary hearing is required. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. As a general rule, a court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Furthermore, generally an evidentiary hearing is required if the allegations in the § 2255 motion are based on facts outside the record. *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994). However, the § 2255 Rules as well as case law indicate that a court may use discovery or documentary evidence, its own notes and recollections of the underlying proceedings, and even common sense rather than conduct an evidentiary hearing. *Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir. 1989) (citations omitted). For example, a court need not hold an evidentiary hearing where the issue of a prisoner's credibility can be conclusively decided on the record and documentary testimony. *Id.* (citations omitted). Likewise a hearing is not necessary when the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison,* 431 U.S. 63, 67 (1977). *See also United States v. Chacon-Palomares*, 208 F.3d

**Memorandum Decision and Order - 4**

1157, 1160 (9th Cir. 2000) (recognizing that need for evidentiary hearing can be obviated by expanded record but finding evidentiary hearing required where expanded record introduced affidavits supporting defendant's claims).

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161.

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's

**Memorandum Decision and Order - 5**

performance falls "with the wide range of reasonable professional assistance." *Id. at 689*.

A court must evaluate the reasonableness of defense counsel's representation based on the particular facts of the case and evaluate the challenged conduct from counsel's perspective at the time of the alleged omission. *Id.* at 689-90. Furthermore, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' (citation omitted.)" *Id*. at 690. Defense counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.*

### B.     Discussion

The Court finds that Law's Amended § 2255 Motion, the file, the transcripts of the suppression hearing and the trial, and the record as expanded by the state court transcripts and defense counsel's affidavit provide a sufficient basis for the Court's determination of the issues. There are no factual issues to be resolved. Defense counsel acknowledges that Law provided the names of possible impeachment witnesses and that she was aware of Law's contentions of fabricated testimony. Accordingly, an evidentiary hearing is not required to resolve the issues on the merits.

In Claim Six, Law alleged that "[c]ounsel should have investigated and challenged the changing testimony of officers between state and federal court proceedings in *both* arrests." *Amended § 2255 Motion*, Claim Six, ¶ 1 (emphasis added) (Docket No. 75). However, the remaining allegations of Claim Six refer only to the Butte County arrest and amount to a claim of failure to investigate and impeach the credibility of only Officer Collins. *Id.* at ¶¶ 2, 3, and 4. There are no allegations pertaining to Sheriff VanEtten.

### 1. Bannock County Arrest

Law's claim concerning the Bannock County officers is completely devoid of any supporting facts. He does not identify the officer or officers whose testimony allegedly changed between the state and federal proceedings. Nor does he identify the substance of the alleged changes in testimony.

Vague and conclusory allegations are subject to dismissal without an evidentiary hearing. *See Blackledge*, 431 U.S. at 75-76 (summary dismissal is appropriate where allegations are vague or conclusory); *Shah*, 878 F.2d at 1161 (vague or mere conclusory allegations do not warrant an evidentiary hearing). Accordingly, Law's claim of ineffective assistance of counsel for failure to investigate and impeach the credibility of the Bannock County officers is subject to

**Memorandum Decision and Order - 7**

dismissal.[2]

### 2. Butte County Arrest

Law's claim regarding the alleged inconsistencies of the Butte County officers' testimony is very specific at least with regard to Officer Collins.[3] This claim is essentially a variation of Law's arguments made in his unsuccessful motion to suppress and in Claim One of his Amended § 2255 Motion alleging illegal search and seizure. He claims that Officer Collins changed his testimony to justify the search on probable cause grounds and that Ms. Sison should have investigated this alleged fabrication and impeached Officer Collins on that basis. Implicit in this claim is that either the evidence would have been suppressed or Law would have been acquitted.

As background, Law had fallen asleep at the wheel causing his vehicle to run off the road and become inoperable. Sheriff VanEtten and Officer Collins responded to the scene. At some point while waiting for a tow truck, they began to suspect that Law was engaged in drug trafficking and that the vehicle contained drugs. The Butte County prosecutor, with whom they consulted from the scene,

---

[2] Because Law is appearing *pro se*, the Court has liberally construed his Amended § 2255 Motion by also considering his allegations regarding illegal search and seizure contained in the dismissed Claim One. However, the Court also finds those allegations, as they pertain to the Bannock County officers, to be vague and conclusory.

[3] The Court will only consider the claim as it pertains to Officer Collins' testimony as Law has provided no specifics regarding Butte County Sheriff Van Etten.

**Memorandum Decision and Order - 8**

advised them to arrest Law for inattentive driving. Following the arrest, they searched the vehicle and recovered a substantial quantity of drugs, drug paraphernalia, and items associated with drug distribution. In the subsequent state court proceedings, Officer Collins testified that Law was arrested for inattentive driving. The case was dismissed based on an illegal arrest.

In this federal court proceeding, the Government contended that there had been probable cause for the search, in part because of Officer Collins' statement in his report that he "thought" he smelled marijuana in the vehicle. At the suppression hearing, Officer Collins testified, among other things, that he had definitely smelled marijuana in the vehicle when Law opened the door. The Court found probable cause existed based not only on the smell of marijuana but also on several other factors. Docket No. 30.

### a.  Deficient Performance

The Court has again reviewed the suppression hearing testimony. At that hearing, Ms. Sison vigorously cross examined Officer Collins about his observations at the scene, his conversations with the Boise County prosecutor, and the discrepancy between his report that he "thought" he smelled marijuana and his testimony at the hearing the he did smell marijuana. *See generally* Supp. Hrg. Tr. at 27- 38. She continued that line of questioning on re-cross examination which

**Memorandum Decision and Order - 9**

prompted further redirect on the part of the Government. Supp. Hrg. Tr. at 42 - 43. In fact, the Court even stated at that time, "I think we're beating this horse to death." Supp. Hrg. Tr. at 43. Furthermore, Ms. Sison argued that she thought the officers "made up" the probable cause after the arrest got thrown out of state court. Supp. Hrg. Tr. at 5; 169-70. Despite the thorough cross examination and argument, the Court found Officer Collins' testimony credible and found probable cause.

The Court has also reviewed the transcript of the Butte County preliminary hearing to evaluate Law's claim about the changing testimony. Officer Collins testified generally about his encounter with Law, his observations at the scene, and Law's arrest for inattentive driving. Butte Co. Prelim. Hrg. Tr. at 4-8. The rest of his testimony concerned the contents found in the vehicle during the search. At no time was he asked by either the prosecutor or defense counsel about the marijuana smell or whether there was independent probable cause for the search. Therefore, there was no conflicting testimony with which to impeach Officer Collins in this proceeding.

The Court has also considered Ms. Sison's Affidavit in response to the specific allegations. Ms. Sison states that she and her investigator reviewed the relevant documents regarding the Butte County arrest and did not find any

**Memorandum Decision and Order - 10**

evidence that would have aided the defense. *Sison Aff.* ¶ 6. Regarding Law's claim that she did not call witnesses to testify regarding "mistakes" made in the arrest, Ms. Sison states that the possible witnesses identified by Law either could not be located or background checks revealed serious credibility issues. *Sison Aff.* ¶ 7. She also felt that their testimony could reveal additional evidence of possible criminal conduct or otherwise be detrimental to Law's case. *Id.* This was a strategic decision made after appropriate investigation and does not constitute deficient performance. *See Strickland*, 466 U.S. 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). *See also Tinsley v. Borg*, 895 F.2d 520, 532 (9th Cir. 1990) (no deficient performance where witness could not be located); *United States v. Harden*, 846 F.2d 1279, 1231-32 (9th Cir. 1988) (no deficient performance where there was no evidence that proposed witness would have testified, witness was a convicted felon with extensive criminal history, and counsel determined witness had credibility problems).

Ms. Sison decided not to call the Butte County prosecutor to establish which version of Officer Collins' testimony was accurate for two reasons. First, because she had the transcripts of his testimony, and secondly, that the prosecutor would have been unlikely to provide helpful testimony given his professional relationship

**Memorandum Decision and Order - 11**

to the officers. *Sison Aff.* ¶ 9. Again, the Court concludes that this was a strategic decision made after appropriate investigation.[4]

Finally, regarding Law's allegation that Ms. Sison did not investigate and impeach Officer Collins' testimony that Law got into and out of the car to open the engine compartment, Ms. Sison states that she did not feel that Officer Collins would change his testimony on that subject. *Sison Aff.* ¶ 11. The main point of the testimony about Law's entering and exiting the vehicle more than once was that he locked the door each time thus arousing the officers' suspicions. The Court finds that even if Officer Collins had been impeached on this issue with testimony that it was not necessary to enter the car to open the engine compartment, it would have had little or no effect on the outcome. Law admits that he entered and exited the vehicle twice. Whether he did so twice or three times would not have changed the fact that the behavior was unusual under the circumstances.

In claims for ineffective assistance of counsel for failure to impeach a government witness, courts determine prejudice by considering (1) the strength of the prosecution's case, (2) the effectiveness of the defense absent the impeachment evidence, and (3) the potential impeachment value of the evidence not introduced. *Stephens v. Hall*, 294 F.3d 210, 218 (1st Cir. 2002). Here, in denying the motion

---

[4] The Court also notes that it is likely that the prosecutor would have claimed privilege regarding his conversations with Officer Collins.

**Memorandum Decision and Order - 12**

to suppress, the Court noted that the officers' statements that the search was made pursuant to arrest were immaterial as long as there was probable cause. *Order* at 5, n.2 (Docket No. 30). Furthermore, the Court attached little significance to the inconsistency between Officer Collins' written report and his oral testimony. *Id.* at 6, n.4. Indeed, Officer Collins did not introduce the smell of marijuana for the first time in connection with the federal proceedings. Rather, he had noted in his report filed the day after the incident that the thought he smelled marijuana. Therefore, the impeachment value of testimony from witnesses with extensive criminal histories to the effect that the officers changed their stories would have been negligible. Likewise, the impeachment value of testimony that the engine compartment did not open from the inside would have been negligible at best.

     In view of the above, the Court finds that Ms. Sison's performance was not deficient. Rather, a review of the record indicates that she engaged in a vigorous defense that involved reasoned, strategic decisions. She had reviewed the state court transcripts and investigated the backgrounds of various potential witnesses. The fact that Law did not agree with those decisions does not render her performance deficient. Ms. Sison simply did not make errors that "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced or just result" or that were "so serious that counsel was not

**Memorandum Decision and Order - 13**

functioning as 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87.

### b. Prejudice

Having found no deficient performance, the Court need not address the prejudice prong of the *Strickland* test. *Strickland*, 466 U.S. at 697. However, the Court notes that even if defense counsel had succeeded in suppressing the Butte County evidence or the jury had found Officer Collins' testimony unreliable and acquitted him on the Butte County charge, Law could not demonstrate prejudice. He would still have received a life sentence given that he was convicted of possession with intent to deliver 50 grams or more of methamphetamine in connection with the Bannock County incident as well as the Butte County incident.[5] Accordingly, the Court finds there was no prejudice even if Ms. Sison's performance had been deficient.

### C. Conclusion

Because the Court has found neither deficient performance on the part of Ms. Sison in connection with the Butte County incident nor resulting prejudice, and because Law inadequately alleged claims against the Bannock County officers,

---

[5] Acquittal on the Butte County charge would have resulted in a lesser sentence under the Guidelines. However, 21 U.S.C. § 841(b)(1)(A) mandated the life sentence effectively rendered the guidelines inapplicable.

**Memorandum Decision and Order - 14**

Claim Six of Law's Amended § 2255 Motion is denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Law has made repeated requests for appointment of counsel, all of which the Court has denied pending a determination as to whether an evidentiary hearing would be required to resolve the remaining issues. Having determined that a hearing is not required, the motion is moot. However, to the extent that Law is attempting to raise as an additional claim of failure to properly communicate or advise him regarding the Government's plea offer, the motion is denied as untimely.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Claim 6 of Law's Amended Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 75) is DENIED.

IT IS FURTHER HEREBY ORDERED that Law's Motion for Appointment of Counsel (Docket No. 90) is MOOT. To the extent that it attempts to raise any

**Memorandum Decision and Order - 15**

new grounds of ineffective assistance of counsel, it is DENIED.



DATED: **March 13, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 16**