IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER LAW, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | Case Nos.  CR-01-027-E-BLW<br>              CV-04-197-E-BLW<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

Pending before the Court are Petitioner's Motion for Reconsideration (Docket No. 99), Motion for Certificate of Appealability (Docket No. 101), and Motion to Appoint Counsel (Docket No. 104).

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order denying the Motions.

## BACKGROUND

Because the Court has previously recited the factual and procedural background of this case in some detail, it will only refer to the background necessary for placing the pending motions in context.  *See Memorandum Decision and Orders* (Docket Nos. 86 and 93).

Petitioner ("Law") was convicted, *inter alia*, of two counts of possession

**Memorandum Decision and Order - 1**

with intent to distribute methamphetamine for which he received life sentences under 21 U.S.C. § 841(b)(1)(A).  Those two counts arose out of the seizure of methamphetamine and drug paraphernalia during arrests first in Butte County and subsequently in Bannock County.  The Ninth Circuit affirmed this Court's denial of Law's Motion to Suppress the evidence from those two seizures.  Docket Nos. 30 and 63.

Law then filed a § 2255 Motion which, with a subsequent amendment, consisted of nine claims.  *Amended § 2255 Motion* (Docket No. 75).  The Court initially dismissed all but one portion of Claim 6.  That claim pertained to allegations of ineffective assistance of trial counsel for failure to investigate and impeach the credibility of the Butte County and Bannock County arresting officers based on differing testimony between the underlying state court proceedings and the federal court proceeding.  *See Memorandum Decision and Order* (Docket No. 86).  In response to the Court's Order, the Government provided the Court with copies of the Butte County and Bannock County preliminary hearing transcripts.  Docket Nos. 91 and 92.  Following review of those submissions, the Court denied the remaining portion of Claim Six and entered Judgment of dismissal.  *See Memorandum Decision and Order* (Docket No. 93) and *Judgment* (Docket No. 94).

**Memorandum Decision and Order - 2**

In a letter that apparently crossed in the mail with the Court's Order dismissing Law's final § 2255 claim, Law advised the Court that the transcript of a Butte County suppression hearing, rather than of the preliminary hearing, was the transcript to which he referred in his allegations. *See Law Letter* [1] (Docket No. 96). He contended that the transcript was never produced by the Government nor obtained by defense counsel. After receiving the Order and Judgment dismissing his remaining claim, Law then filed the pending motions.

In his Motion for Reconsideration, Law alleged that the Butte County suppression hearing transcript would buttress his claim that the Butte County officers' credibility was suspect because they testified at the state suppression hearing that the search was conducted incident to his arrest but testified before this Court that the search was conducted based on probable cause.[2] He also alleged that the Bannock County arrest was tainted by the illegal Butte County search. The Government has now produced that transcript for the Court's review.

---

[1] In his letter, Law stated that the Butte County suppression hearing was the "only hearing [Sheriff Van Etten and Deputy Wes Collins] both testified in and in which their testimony does not match their testimony in Federal Court. These transcripts are crucial to my arguments now and were also crucial to my defense clear back before my trial and have never been produced by the prosecutor." *Law Letter*, p. 2 (Docket No. 96).

[2] In denying the Motion to Suppress, this Court found that even if Law's arrest was illegal, the search would be valid if there was probable cause for the search. *Order*, pp. 4-5 (Docket No. 30).

**Memorandum Decision and Order - 3**

## DISCUSSION

A motion to reconsider is construed as a motion pursuant to Fed. R. Civ. P. 60(b) if it is filed more than ten days after entry of judgment. *American Ironworks & Erectors, Inc. v. North American Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Id.* at 899 (citing Fed. R. Civ. P. 60(b)). Rearguing a case offers no basis for relief under Rule 60(b). *Id.*

### A.  Butte County Arrest

The Court previously found that Law's claim regarding Sheriff Van Etten's testimony was subject to dismissal because he did not provide any specifics regarding Sheriff Van Etten's prior testimony. In his Motion to Reconsider, Law contends that the challenged testimony was in the previously unproduced transcript of the state court suppression hearing. The Court has now reviewed that transcript and determined that there are no significant inconsistencies between Sheriff Van Etten's testimony at the suppression hearing and his testimony before this Court.

**Memorandum Decision and Order - 4**

With regard to Officer Collins, the Court previously found that there was no conflicting testimony between the state *preliminary* hearing and the federal suppression hearing with which to impeach Officer Collins.  The Court has now reviewed his testimony in the state court *suppression* hearing transcript and reached the same conclusion.[3]

The Court finds that Law is simply reasserting arguments that have previously been raised and rejected.  The suppression hearing transcript does not provide newly discovered evidence for those arguments or otherwise indicate a basis for granting Rule 60(b) relief from the Judgment.

### B.    Bannock County Arrest

The Court previously determined that Law's claim of ineffective assistance of counsel for failure to investigate and impeach the credibility of the Bannock County arresting officers was subject to dismissal because the claim was completely devoid of any supporting facts.  *Memorandum Decision and Order*, p. 7 (Docket No. 93).  The recently produced Butte County suppression hearing transcript is obviously irrelevant to any claims regarding the credibility of the

---

[3] In state court, the emphasis had been on search incident to arrest.  When the arrest was found to be illegal, the evidence was suppressed.  In federal court, however, the Government maintained that the search was pursuant to probable cause.  Therefore, the questioning at each suppression hearing had a different focus.  Nevertheless, the testimony in the state court hearing regarding the officers' observations and conclusions at the scene was remarkably similar to that in the federal court hearing.

**Memorandum Decision and Order - 5**

Bannock County arresting officers. Rather, Law claims (1) that the Bannock County officers would not have had probable cause to detain him absent the Butte County arrest, and (2) that had the Butte County evidence been suppressed, the jury may have been less likely to have convicted him of the Bannock County charge.

As stated above, reasserting arguments that have been previously raised and rejected does not justify relief under Rule 60(b). In any event, the Butte County arrest was only one of many factors arousing the suspicions of the Bannock County officers leading them to make the traffic stop that resulted in the seizure of drugs.[4] Furthermore, Law's contention that the Butte County evidence caused the jury to be more likely to convict him of the Bannock County charge is essentially compound speculation; i.e. *if* counsel had properly impeached the Butte County officers, the jury would have acquitted him of the Butte County charge, and *if* the jury had acquitted him of the Butte County charge, *perhaps* they would have acquitted him of the Bannock County charge. Such speculation is simply not sufficient to support the necessary finding of prejudice even if there had been

---

[4] Surveillance was initiated after officers received a report from a motel clerk that a guest was involved in suspicious activity consisting of checking into and out of the motel numerous times over a period of weeks, paying cash for him room, refusing maid service, and receiving visitors and phone calls during unusual hours. *Order*, pp. 2-3 (Docket No. 30). The officers also observed Law load several bags into the back of his vehicle, Law was unable to provide proof of insurance, and Law appeared nervous during the stop. *Id.* at p. 3.

**Memorandum Decision and Order - 6**

ineffective assistance of counsel.

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal from the denial or dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability (COA). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only when a defendant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Ninth Circuit summarized the requirements for issuance of a COA when a claim has been denied on the merits as follows:

> A petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595; *see also Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To meet this "threshold inquiry," *Slack*, 529 U.S. at 482, 120 S.Ct. 1595, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Lambright*, 220 F.3d at 1025 (alteration and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id.* at 1025-26. "[T]he showing a petitioner must make to be heard on appeal

is less than that to obtain relief." *Id.* at 1025 n. 4 (citations omitted); *see also Miller-El*, 537 U.S. at 337, 123 S.Ct. 1029 (reaffirming the Court's holding in *Slack* "that a COA does not require a showing that the appeal will succeed"); *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir.2002) ("It is essential to distinguish the standard of review for purposes of granting a COA from that for granting the writ.").

*Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).[5]

In this case, the Court concluded that Law's claims of illegal search and seizure in Butte County and Bannock County as well as his claim of insufficiency of the evidence (Claims 1, 2, and 4) had been previously raised and rejected on direct appeal; that the claim of the Government's alleged failure to disclose favorable evidence (Claim 3) was rebutted by the record; that his challenges to the constitutionality of the mandatory life sentence and related procedures were rebutted by the record and legally devoid of merit (Claims 5, 8 and 9); that the various claims of ineffective assistance of counsel (Claim 6) were either rebutted by the record or lacking in demonstrable prejudice; and that his claim of denial to equal access to witnesses (Claim 7) was procedurally barred as well as legally insufficient.

The Court has carefully reviewed its decisions as to each of these issues and

---

[5] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 108 F.3d 217 (1997).

**Memorandum Decision and Order - 8**

finds that Law has not demonstrated that the decision as to any of the issues would be debatable among reasonable jurists. Accordingly, the application for a COA will be denied in its totality. Law may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

## ORDER

IT IS HEREBY ORDERED that Law's Motion for Reconsideration (Docket No. 99) is DENIED.

IT IS FURTHER HEREBY ORDERED that Law's Motion for Certificate of Appealability (Docket No. 101) is DENIED. Law is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order, Law's Motion for Certificate of Appealability (Docket No. 101), and Notice of Appeal (Docket No. 100) to the Ninth Circuit Court of Appeals. If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 motion. Otherwise, the Ninth Circuit shall obtain the record from the District Court website at www.id.uscourts.gov.

IT IS FURTHER HEREBY ORDERED that Law's Motion to Appoint

**Memorandum Decision and Order - 9**

Counsel (Docket No. 104) is MOOT.



DATED:  **December 4, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 10**