UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LAW,<br><br>Defendant. | Case No. 4:01-cr-00027-BLW<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the Court is Defendant Roger Law's Motion for Release from Supervised Release (Dkt. 123). The Government has filed its Response (Dkt. 124) indicating that it has no objection to the requested early termination. Having reviewed the pleadings and consulted with the U. S. Probation Office, the Court will grant the motion.

**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE  - 1**

## BACKGROUND

On November 8, 2001, the Court sentenced Mr. Law to a term of imprisonment of life and term of supervised release of ten years on two counts of possession with intent to distribute methamphetamine, and lesser terms of imprisonment and supervised release for two other drug-related counts. Dkt. 58.

Mr. Law received an Executive Grant of Clemency from then-President Barak Obama on October 6, 2016. Dkt. 121. He thereafter commenced his term of supervision In July of 2017. Now, having served almost five years on supervision, he moves for early termination on the grounds that he has not had any issues or violations on supervision, his age (69), late-stage emphysema that requires him to spend increasingly more time in the hospital, and his desire to move into an assisted living facility. He states that he is "no threat to anyone or society at large." Dkt. 123.

As state above, the Government does not object to early termination. The Court has consulted with the supervising Probation Officer who confirms that Mr. Law's health issues are serious and persistent, that he has had no known violations, and that he was moved to Administrative Caseload in April of 2019 which is for low risk, compliant offenders and no longer actively supervised.

## ANALYSIS

After consideration of the 18 U.S.C. § 3553(a) sentencing factors,[1] a court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Just as a court has broad discretion in imposing terms of supervised release, it has broad discretion to consider a "wide range of circumstances" in determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

---

[1] Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

Here, although Mr. Law's offenses were serious, and the term of supervision initially warranted, his circumstances have changed with his advancing age and increasingly serious medical issues and treatment that will only continue to progress. The Probation Office has not actively supervised him for almost three years having determined that he had been compliant and presented a low risk of violating the terms of his supervised release. Importantly, the Government does not oppose early termination. Indeed, there does not appear to be any benefit to Mr. Law or to the public to continue even limited supervision at this time. On balance, after considering the circumstances and the § 3553(a) sentencing factors, the Court concludes that it is in the interests of justice to terminate Mr. Law's supervised release.

## ORDER

**IT IS ORDERED that** Roger Law's Motion for Release from Supervised Release (Dkt. 123) is **GRANTED**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge